IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 4:14-CR-3123 |
| vs. | ORDER |
| ALFREDO ROJAS-MARTINEZ, | |
| Defendant. | |

    This matter is before the Court on the defendant's "Motion Asking the Honorable Court to Compel Defense Counsel to Release All Documents Pertaining to Petitioner's Case" (filing 33). The defendant asks the Court to compel his defense counsel to provide him with copies of his sentencing transcripts, claiming that he may be entitled to a "sentence recalculation" because of changes to his criminal history affected by "Proposition 47," a California ballot initiative that reclassified certain former felonies into misdemeanors. He contends that he needs his sentencing transcript to prepare such a request.

    But because no appeal was filed in this case, no transcript of the sentencing was prepared. A member of the Nebraska bar is ethically required to protect a client's interests, including the surrender of papers and property to which the client is entitled. *See* Neb. Ct. R. of Prof. Cond. § 3-501.16(d). But counsel cannot surrender to the defendant what he does not have, and the Court has no other reason to believe that counsel has not complied with § 3-501.16(d) in all other respects.

    An indigent defendant bringing a postconviction proceeding under 28 U.S.C. § 2255 may have a transcript prepared at the government's expense, if the suit is not frivolous and the transcript is needed to decide the issue presented by the suit. 28 U.S.C. § 753. But any request for a free transcript prior to the filing of a § 2255 motion is premature. *Chapman v. United States*, 55 F.3d 390, 390-91 (8th Cir. 1995). And the defendant has not filed such a motion yet in this case. Nor does the defendant have the right to receive copies of documents without payment, even if he has leave to proceed in forma pauperis. *See,* 28 U.S.C. § 1915; *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980). The defendant may, if he files a § 2255 motion, move for a transcript to be prepared pursuant to § 753, and the Court

would at that time consider whether his motion is frivolous and the transcript is necessary.[1]

> IT IS ORDERED that the defendant's motion to compel (filing 33) is denied.

Dated this 22nd day of December, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[1] The Court notes, for the defendant's information, that it is unlikely Proposition 47 will provide any relief from a federal sentence. A defendant serving a *California* sentence may petition for a resentencing from the California sentencing court. *See* Cal. Penal Code § 1170.18. But for a *federal* sentence, criminal history points are primarily assessed based on the actual state sentence of imprisonment, not the state-law classification of the crime. *See* U.S.S.G. 4A1.1. And whether a defendant would receive a lesser sentence in state court if convicted now does nothing to change a state sentence that was already served. *See United States v. Bakhchadjian*, No. CR 11-72, 2015 WL 6697231, at \*2 (C.D. Cal. Nov. 3, 2015).