IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ALFREDO ROJAS-MARTINEZ,<br><br>                    Defendant. | 4:14-CR-3123<br><br>MEMORANDUM AND ORDER |

     This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 36) filed by the defendant, Alfredo Rojas-Martinez. The motion was timely filed less than 1 year after the defendant's conviction became final. *See* § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

     A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was convicted, pursuant to a guilty plea, of one count of reentry of a removed alien after felony conviction, in violation of 8 U.S.C. § 1326. The Court found that the defendant's criminal history category was VI, filing 32 at 1, based in part on a 2006 California conviction for possession of methamphetamine, filing 29 at 10-11. The defendant had been sentenced to 3 years' imprisonment on that charge, so the defendant was assessed three criminal history points pursuant to U.S.S.G. § 4A1.1(a). Filing 29 at 10-11.

The Court determined, based on an offense level of 13 and a criminal history category VI, that the Guidelines imprisonment range was 33 to 41 months. Filing 32 at 1. On March 20, 2015, the Court departed from the Guidelines range pursuant to a plea agreement and imposed a sentence of 32 months' imprisonment. Filing 31 at 2; filing 32 at 1.

On November 4, 2014, California voters had approved Proposition 47, a ballot initiative that reduced certain drug possession and theft felonies to misdemeanors. 2014 Cal. Legis. Serv. Prop. 47 (West). Proposition 47 also created a process for people serving sentences for those offenses to petition for resentencing, and for people who had completed their sentences to apply for reclassification of their crime as a misdemeanor. *See* Cal. Penal Code § 1170.18.

The defendant availed himself of that process, and on August 20, 2015, a California state court granted the defendant's application to designate his felony conviction as a misdemeanor conviction under California law. Filing 36 at 14. The defendant now moves pursuant to § 2255 to have the Court "recalculate his sentence to reflect the correct calculation of his criminal history[.]" Filing 36 at 12.

DISCUSSION

The defendant's argument is premised on the belief that because California reclassified his prior conviction from a felony to a misdemeanor, it should no longer be a countable "felony offense" for purposes of the Sentencing Guidelines. That is incorrect. Under the Guidelines, "a 'felony offense' means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed." U.S.S.G. § 4A1.2(o). In other words, whether an offense is a "felony" or a misdemeanor for Guidelines purposes is determined under the Guidelines definition, not by state law. *See United States v. Davis*, No. 15-2729, 2016 WL 4205930, at *1 (8th Cir. Aug. 10, 2016).

So, as the Ninth Circuit has explained, "even if California decided to give Proposition 47 retroactive effect for purposes of its own *state* law, that would not retroactively make Vasquez's felony conviction a misdemeanor for

purposes of *federal* law." *United States v. Diaz*, No. 10-50029, 2016 WL 5121765, at *4 (9th Cir. Sept. 21, 2016).

> Ignoring later state actions for purposes of federal sentences . . . aligns with the Supreme Court's repeated admonishments that federal laws should be construed to achieve national uniformity. . . . If a conviction were to be determined by application of the different statutes of each state, then the application of federal criminal sanctions would depend solely upon where the defendant's previous conviction had occurred. We doubt[] that Congress would have intended a federal criminal law to be applied in such a patchwork fashion.

*Id.* at *4 (citations and quotations omitted) (citing *United States v. McGlory*, 968 F.2d 309, 350 (3d Cir. 1992) ("[W]e note the confusion in sentencing likely to result if the sentencing court had to analyze the status of every prior state conviction in terms of the status of state law. . . . This would entail applying changes in state law retroactively to final convictions.")) And so,

> [u]nder the federal Sentencing Guidelines, a defendant's criminal history category is calculated utilizing the length of any prior sentence of imprisonment. . . . The Sentencing Guidelines do not rely on state law definitions of a felony or misdemeanor. Instead, the Guidelines employ their own definition of felony for the purposes of calculating the criminal history category: a felony offense means any federal, state, or local offense punishable by death or a term of imprisonment exceeding one year, regardless of the actual sentence imposed. . . .
> . . . Although California has now determined that his controlled substance offense was a misdemeanor, Proposition 47 does not permit him to obtain a resentencing once his sentence is complete. The re-designation of his offense to a misdemeanor therefore has no impact on petitioner's criminal history category under the federal Sentencing Guidelines. Those Guidelines turn on the length of the sentence imposed, not on whether state law designates a crime as a felony or misdemeanor.

*Bogan v. United States*, No. 91-CR-551, 2016 WL 948742, at *4 (N.D. Cal. Mar. 14, 2016); *see United States v. Bakhchadjian*, No. CR 11-72, 2015 WL 6697231, at *2 (C.D. Cal. Nov. 3, 2015). As the *Bakhchadjian* court explained, in rejecting an effectively identical argument,

> According to his presentence report, Petitioner was convicted of receiving stolen property, a felony, and sentenced to sixteen months in California state court. This is the prior offense that Petitioner is now having reclassified as a misdemeanor. But a sixteen-month sentence, regardless of whether it is a felony or misdemeanor, is a prior sentence of incarceration exceeding one year and one month under § 4A1.1(a), thus resulting in three points. Reclassifying the prior offense as a misdemeanor does not change the fact that Petitioner had a prior sixteen-month sentence.
>
> Further, as defined in § 4.A1.2(o), a "felony offense" is an offense punishable by imprisonment of more than a year, as was Petitioner's situation. Thus, even if the offense Petitioner was convicted of in California was always a misdemeanor under California law, his sixteen-month sentence would still give him a "felony" and three criminal history points under the federal Sentencing Guidelines. While perhaps Petitioner, if convicted now, would receive a lesser sentence as a misdemeanant, the crucial fact is that Petitioner was convicted previously and sentenced to sixteen months.

*Bakhchadjian,* 2015 WL 6697231, at *2. Similarly, in this case, the defendant's conviction and 3-year sentence, regardless of whether it is now considered a "felony" or a "misdemeanor" under California law, is (1) a "felony" for Guidelines purposes pursuant to § 4A1.2(o), and (2) a "prior sentence of imprisonment exceeding one year and one month," resulting in three criminal history points pursuant to § 4A1.1(a). The defendant's retroactive reclassification of his previous conviction under California law does not change how it is considered under the Guidelines.

Furthermore, even if the defendant had some plausible argument for modification of his sentence, that argument would not be cognizable under § 2255. The Eighth Circuit has explained that

> Section 2255 was intended to afford federal prisoners a remedy identical in scope to federal habeas corpus. Like habeas corpus, this remedy does not encompass all claimed errors in conviction and sentencing. It provides a remedy for jurisdictional and constitutional errors, neither of which is at issue here. Beyond that, the permissible scope of a § 2255 collateral attack on a final conviction or sentence is severely limited; an error of law does not provide a basis for collateral attack unless the claimed error

constituted a fundamental defect which inherently results in a complete miscarriage of justice.

*Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (citations and quotations omitted). And, the Court of Appeals said, ordinary questions of Guidelines interpretation falling short of the "miscarriage of justice" standard do not present a proper § 2255 claim, and may not be re-litigated under § 2255. *Sun Bear*, 644 F.3d at 704. In sentencing, a "miscarriage of justice" is cognizable under § 2255 when the sentence is in excess of that authorized by law, *i.e.*, imposed without, or in excess of, statutory authority. *Sun Bear*, 644 F.3d at 705-06. In other words, the Eighth Circuit has concluded that a sentence that is within the statutory range cannot be challenged, pursuant to § 2255, on the basis of alleged Guidelines error. *See Sun Bear*, 644 F.3d at 706.

Accordingly, *even if* the defendant had a plausible claim that Proposition 47 warranted adjustment of his criminal history category, that claim would not establish a right to relief pursuant to § 2255.

## CONCLUSION

The defendant's allegations entitle him to no relief. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 36) is denied.

2. The defendant's motion for miscellaneous relief (filing 41), asking for a ruling in his favor, is denied.

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

5. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 13th day of October, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge